WILLIAM BRILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19187.   Promulgated August 6, 1930.

*Ralph W. Smith, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

LANSDON: This is a proceeding for the redetermination of a deficiency in income tax for the year 1920, in the amount of $7,041.47. Prior to 1913 the petitioner acquired a business lot approximately 61 by 167 feet, located on the west side of Grand Avenue, about 100 feet north of Seventh Street, in Los Angeles, for a consideration less than the value thereof at March 1, 1913. In 1920 he sold such lot for $180,000. In his income-tax return for that year he reported no gain from this transaction, because he regarded the value at March 1, 1913, equal to or greater than the sale price received in the taxable year. Upon audit of such return the Commissioner determined that value of the property in question at March 1, 1913, was $115,780, attributed $98,280 thereof to the lot and asserted the deficiency here in controversy.

At the hearing the respondent moved to increase the deficiency on the basis of no value for the building at the basic date. The evidence is not sufficient to establish this contention. The single question of the value of the lot at March 1, 1913, remains to be de-

cided. The petitioner testified in his own behalf and supported his contention as to value by the testimony of a number of well qualified experts on the value of Los Angeles business property at March 1, 1913, including the locality where the lot is situated. The owner and another witness fixed the value on the basic date at $3,000 per front foot. Two witnesses were of the opinion that the value in question was $2,500 per front foot. In addition it was proved that on April 1, 1914, the owner refused a bona fide cash offer of $150,-000 for the property. About fifteen months after the basic date a lot on the opposite or east side of the street was sold for $1,800 per front foot. All witnesses agreed that for business purposes property is more desirable on the west than on the east side of a street and usually commands higher prices.

After careful consideration of all the evidence we conclude that at March 1, 1913, the property in question had a fair market value of $150,000.

*Decision will be entered under Rule 50.*